# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| **VERNON LEE HUGHES** | **CIVIL ACTION NO. 16-1684-P** |
| **VERSUS** | **JUDGE WALTER** |
| **DEAUNDRE BELL, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Vernon Lee Hughes ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on December 5, 2016. Plaintiff is incarcerated in the Caddo Correctional Center in Shreveport, Louisiana. He names Detective DeAundre Bell, District Attorney James E. Stewart, Jr., Assistant District Attorney Holly McGinnist, Public Defender Michelle Andrepoint, the Shreveport Police Department, Supervisor Farquahar, the Caddo Parish District Attorney's Office, Assistant District Attorney Pamela Moser, Public Defender Pam Smart, and the Caddo Parish Public Defender's Office as defendants.

Plaintiff claims that in 1996, his female piano student accused him of molesting her. He claims he cooperated with the detective who was assigned to the case. He claims his DNA was tested and he was cleared of the charge.

Plaintiff claims Detective DeAudre Bell reinstated the 1996 aggravated rape charge. He claims he was not a fugitive as alleged by Detective Bell in the arrest warrant. He claims he was arrested on April 19, 2016 in Houston, Texas for aggravated rape, and was detained for ten days before being transported to Shreveport, Louisiana. He claims he was not read his Miranda rights. He claims he was not interviewed by a detective and the booking department did not give him an official copy of his booking report. He claims he was detained in violation of his constitutional rights.

Plaintiff claims District Attorney James E. Stewart, Jr. and Assistant District Attorney Holly McGinnist maliciously prosecuted him because the case was stale and exceeded the ten year statute of limitations.

Plaintiff claims Public Defender Michelle Andrepoint provided him with ineffective assistance of counsel. He claims she did not file any pretrial motions or make any oral motions challenging the untimely, malicious prosecution. He claims no motions were filed to quash the indictment or to correct the bill of information.

Plaintiff claims Shreveport Police Detective DeAundre Bell falsely imprisoned him, caused the bad faith prosecution of him, and obstructed justice when he reinstated the charge after he had been cleared and there was no probable cause.

Plaintiff claims that on March 15, 2018, he pleaded guilty to one count of indecency with a juvenile and was sentenced to four years imprisonment at hard labor.

Accordingly, Plaintiff seeks his immediate release from incarceration, monetary compensation, and punitive damages.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims he was wrongly convicted and sentenced because of the actions of Defendants.   Plaintiff is seeking monetary damages for an allegedly unconstitutional conviction and sentence.  The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  Heck involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated.  He has not

met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

**District Attorney and Assistant District Attorneys**

Plaintiff names District Attorney James C. Stewart and Assistant District Attorneys Holly McGinnes, Pamela Moser, and the Caddo Parish District Attorney's Office as defendants. He claims he was maliciously prosecuted and convicted. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney and Assistant District Attorneys as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.

Accordingly, Plaintiff's civil rights complaint against District Attorney James C. Stewart and Assistant District Attorneys Holly McGinnes, Pam Moser, and the Caddo Parish District Attorney's Office should be dismissed as frivolous.

**Public Defenders**

Plaintiff claims he was provided ineffective assistance of counsel by the Caddo Parish Public Defender's Office, Pamela G. Smart, and Michelle Andrepoint during his criminal trial proceedings.  However, Plaintiff does not specifically allege that the Caddo Parish Public Defender's Office, Pamela G. Smart, and Michelle Andrepoint acted under color of state law.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.  Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state.  They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed.  Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366

(5th Cir. 1981); <u>Mills v. Criminal District Court #3</u>, 837 F.2d 677 (5th Cir. 1988)(citing

<u>Nelson</u>, <u>supra</u>).

Accordingly, Plaintiff's civil rights claims against the Caddo Parish Public

Defender's Office, Pamela G. Smart, and Michelle Andrepoint should be dismissed as

frivolous.

### Habeas Claim

Plaintiff alleges his conviction and sentence are illegal and seeks to have his

conviction reversed and his immediate release from incarceration.  Although Plaintiff

submitted his claim on the standardized civil rights complaint form, it is incumbent upon

this court to determine preliminarily whether the facts alleged establish a claim under 42

U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued

initially in a <u>habeas</u> <u>corpus</u> proceeding.  This determination is made by focusing on "the

scope of relief actually sought."  <u>Alexander v. Ware</u>, 417 F.2d 416, 419 (5th Cir. 1983);

<u>Serio v. Members of the La. State Bd. of Pardons</u>, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement

and seeks an immediate release or speedier release from confinement as relief, he must

pursue his claim through an application for writ of <u>habeas</u> <u>corpus</u>. <u>See</u> <u>Preiser v. Rodriguez</u>,

411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  In accordance with this guideline, the United

States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration

of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality

of the state conviction or sentencing decision under which the claimant is currently

Page **6** of **10**

confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)). Plaintiff is challenging his conviction and sentence and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time. Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction or sentence in federal court until he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982). From the information provided in Petitioner's complaint and amended complaints, it does not appear that he has exhausted his available state remedies as to the claims he raises in his petition. Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C.

§ 1915(e); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985).   District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.   See <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the <u>Heck</u> conditions are met.   **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims against District Attorney James C. Stewart, Assistant District Attorneys Holly McGinnes and Pam Moser, the Caddo Parish District Attorney's Office, Michelle Andrepoint, Pamela Smart, and the Caddo Parish Public Defender's Office be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).   **IT IS FURTHER RECOMMENDED** that Plaintiff's request for <u>habeas</u> relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 25th day of June, 2018.

Mark L. Hornsby
U.S. Magistrate Judge